IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Nazir Benyamin ben-Yisra'ēl (FREE APPELLATION), EX REL. BRONSON SHELLEY #353229,
    PLAINTIFF,
VS.
BRYAN P. STIRLING, JAMES M. BROWN, DENNIS R. PATTERSON, ANNIE RUMLER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,
    DEFENDANTS.

C/A NO.:

COMPLAINT

## I. JURISDICTION & VENUE

1. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C.A. § 2000d, EXECUTIVE ORDER NO. 13899, SEC. 2(b), TITLE VI OF THE CIVIL RIGHTS ACT OF 1964, IN ACCORDANCE WITH 5 U.S.C.A. § 702, § 703, & § 705, 42 U.S.C.A. § 2000d-7 (a)(1),(2), 42 U.S.C.A. § 2000d-2 PURSUNT TO SECTION 2000d-1, & 42 U.S.C.A. § 2000h-2, THE SOUTH CAROLINA RELIGIOUS FREEDOM ACT SECTION 1-32-50, TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343(a)(3). PLAINTIFF SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SECTION 2201 AND 2202. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SECTION 2283 & 2284 AND RULE 65 OF THE FED. R. CIV. P..

2. THE UNITED STATES DISTRICT COURT, DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION IS AN APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391 (b)(2) BECAUSE IT IS WHERE

(1)

THE EVENTS GIVING RISE TO THIS CLAIM OCCURRED.

## II. PLAINTIFFS

3. PLAINTIFF, Nazir Benyamin ben Yisra'ěl (FREE APPELLATION), EX REL. BRONSON SHELLEY #353229, IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF SOUTH CAROLINA IN THE CUSTODY OF THE SOUTH CAROLINA DEPARTMENT OF CORRECTIONS. HE IS CURRENTLY CONFINED IN THE McCORMICK CORRECTIONAL INSTITUTION, IN McCORMICK, SOUTH CAROLINA.

## III. DEFENDANTS

4. DEFENDANT, BRYAN P. STIRLING IS THE AGENCY DIRECTOR OF SOUTH CAROLINA DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE OPERATIONS AND APPROVAL/DISAPPROVAL OF OFFICIALLY RECOGNIZING FAITH (RELIGIOUS) GROUPS OF THE DEPARTMENT AND EACH INSTITUTION UNDER ITS JURISDICTION.

5. DEFENDANT, DENNIS R. PATTERSON IS THE ASSISTANT DEPUTY DIRECTOR FOR THE DIVISION OF OPERATION OF THE SOUTH CAROLINA DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE ASSESSMENT OF POTENTIAL SECURITY RISKS WITHIN THE PRISON POPULATIONS, AND FOR THE OPERATIONS OF THE DEPARTMENT AND EACH INSTITUTION UNDER ITS JURISDICTION.

6. DEFENDANT, JAMES M. BROWN IS THE HEAD CHAPLAIN, AND CHIEF, PASTORAL CARE SERVICES BRANCH. HE IS LEGALLY RESPONSIBLE FOR ENSURING THAT THE CONSTITUTIONAL GUARANTEES OF RELIGIOUS FREEDOM FOR INMATES ARE PROTECTED WITHIN THE LIMITATIONS OF SECURITY AND SAFETY NECESSARY TO BE MAINTAINED IN A CORRECTIONAL SETTING, AND THAT INMATES WILL BE GIVEN THE OPPORTUNITY TO PRACTICE THERE FAITH TO THE EXTENT THAT SUCH PRACTICE DOES NOT ~~~~ INTERFERE WITH THE SECURITY AND SAFETY OF THE INSTITUTION, STAFF, OR OTHERS.

7. Defendant, Annie Rumler is an attorney at the office of General Counsel's Legal Department of the South Carolina Department of Corrections. She is legally responsible for validating the disapproval of plaintiff's faith group as an SCDC officially approved faith group, and ensuring his constitutional and statutory rights are protected from actions and policy/practice of SCDC administration and its officials.

## IV. FACTS

1. On May 16, 2013, plaintiff submitted his first request for faith recognition of the Hebrew Israelite religion to Chaplain Cruz while he was a prisoner at the Broad River Correctional Institution.

2. On May 23, 2013, plaintiff met with defendant Chaplain James M. Brown who acknowledged that the African-American people were descendants of ancient Hebrew Israelites then went on to forward his faith recognition request to Associate Warden Sutton with a negative recommendation to assure it was denied and as a result was disaproved.

3. On May 31, 2013, plaintiff appealed Associate Warden Sutton's decision to Warden Robert Stevenson, III. This appeal was also disaproved because of defendant James M. Brown's negative recommendation.

4. Plaintiff then appealed to the Chief, Pastoral Care Services Branch, and Head Chaplain Lloyd Roberts, through defendant and Senior Chaplain James M. Brown, who never forwarded his request, and therefore he received no response.

5. On Febuary 1, 2015, plaintiff wrote Chaplain Houser while at Kirkland Corr. Inst. and requested a response to his last stage of appeal for his faith recognition process.

6. On Febuary 24, 2015, plaintiff received a response from the new Head Chaplain and Chief, Pastoral Care Services Branch Bennie Colclough and was told he had no knowledge of his appeal to Lloyd Roberts and was told to re-file his request for faith recognition of the Hebrew Israelite religion in accordance with SCDC Policy PS-10.05, "Inmate Religion", Section 4, and to submit it to the Chaplain.

7. On March 12, 2015, plaintiff requested this policy and was told to use another form and so was denied the policy.

(3)

LEGAL MAIL ROOM

8. WHEN PLAINTIFF FINALLY OBTAINED SAID POLICY HE RELIZED THAT THE APPEAL PROCESS THAT DEFENDANT JAMES MICHAEL BROWN SUBJECTED HIM TO WAS FRAUDULENT AND NOT IN ACCORDANCE TO SCDC POLICY 10.05 "INMATE RELIGION", SECTION 4, BUT BY THIS TIME DEFENDANT JAMES MICHAEL BROWN BECAME THE HEAD CHAPLAIN AND CHIEF, PASTORAL CARE SERVICES BRANCH AND WOULD LATER USE HIS AUTHORITY TO FURTHER TRY TO DISCREDIT PLAINTIFF FAITH AS A HATE GROUP.

9. PLAINTIFF RE-SUBMITTED HIS REQUEST FOR FAITH RECOGNITION OF THE HEBREW ISRAELITE RELIGION AT SOME POINT IN THE MONTH OF JULY OF 2016.

10. ON AUGUST 18, 2016, PLAINTIFF SUBMITTED A STAFF REQUEST FORM TO CHAPLAIN JAMES CUTTINO WHILE AT LIEBER CORRECTIONAL INSTITUTION AND WAS TOLD HIS PAPERWORK WAS FORWARDED TO HEADQUARTERS TO THE HEAD CHAPLAIN AND CHIEF, PASTORAL CARE SERVICES BRANCH DEFENDANT JAMES MICHAEL BROWN, AND WAS AWAITING A RESPONSE ON AUGUST 19, 2016.

11. ON DECEMBER 21, 2016, PLAINTIFF REQUESTED THE STATUS ON MY FAITH RECOGNITION PROCESS, AND ON JANUARY 13, 2017 I RECEIVED A RESPONSE THAT NO DECISION HAD BEEN REACHED YET FROM CHAPLAIN PATOKA AT KERSHAW CORRECTIONAL INSTITUTION.

12. ON MARCH 31, 2017, PLAINTIFF SUBMITTED A REQUEST TO STAFF FORM INQUIRING ON THE STATUS OF THE FAITH RECOGNITION OF THE HEBREW ISRAELITE RELIGION AS A RECOGNIZED FAITH GROUP AND ON APRIL 4, 2017, PLAINTIFF RECEIVED A RESPONSE FROM CHAPLAIN CANNON WHILE HOUSED AT EVANS CORRECTIONAL INSTITUTION "THAT THEY WILL LET ME KNOW".

(4)

LEGAL MAIL
MAIL ROOM

13. ON AUGUST 28, 2017, PLAINTIFF RECEIVED A MEMORANDUM FROM ATTORNEY SHERMAN L. ANDERSON, CHIEF OFFICE OF GENERAL COUNSEL - INMATE GRIEVANCE BRANCH THAT THE SCDC GENERAL COUNSEL OFFICE WAS REVIEWING MY REQUEST FOR THE HEBREW ISRAELITES TO BE RECOGNIZED AS A RELIGION, AND THAT WOULD BE NOTIFIED OF THE OUTCOME.

14. IN AUGUST OF 2018 SCDC OFFICE OF GENERAL COUNSEL DISAPPROVED RECOGNITION OF THE HEBREW ISRAELITE RELIGION.

15. IN AUGUST OF 2018 DENNIS PATTERSON WAS CONTACTED BY SCDC OFFICE OF GENERAL COUNSEL REGARDING PLAINTIFFS REQUEST FOR RECOGNITION OF THE HEBREW ISRAELITE FAITH AND ASKED WHETHER OFFICIAL RECOGNITION OF SUCH RELIGION COULD POSE A SECURITY ISSUE. DEFENDANT DENNIS PATTERSON GAVE HIS OPINION THAT BECAUSE OF ITS ALLEGED RACIST TEACHINGS OFFICIALLY RECOGNIZING HEBREW ISRAELITES AS A RELIGIOUS GROUP WITHIN SCDC WOULD GENERATE RACIAL ANIMUS AMONG PRISONERS AND POSE A SECURITY ISSUE FOR BOTH STAFF AND OTHER INMATES.

16. IN AUGUST OF 2018, DEFENDANT DENNIS PATTERSON COMMUNICATED THESE CONCLUSIONS TO SCDC'S OFFICE OF GENERAL COUNSEL AND PLAINTIFF'S REQUEST FOR THE RECOGNITION OF THE HEBREW ISRAELITES AS A RELIGIOUS GROUP WAS DISAPPROVED BY DEFENDANT ANNIE RUMLER OR VALIDATED BY HER.

17. PLAINTIFF ASSERTS THAT AS A RESULT OF THE CONTINUOUS INTENTIONAL DISCRIMINATORY ARBITRARY DENIAL OF PLAINTIFF'S REQUEST FOR FAITH RECOGNITION TO PRACTICE THE HEBREW ISRAELITE RELIGION...

(5)

LEGAL MAIL
MAIL ROOM

PLAINTIFF BEGAN TO SUFFER FROM AN UNSPECIFIED DEPRESSIVE DISORDER AND EXHIBIT SUICIDAL BEHAVIORS WHICH CAUSE PLAINTIFF NUMEROUS PHYSICAL INJURIES. THIS WAS AFTER PLAINTIFF REILZED THAT HIS FIRST ATTEMPT IN COMPLETING THE FAITH RECOGNITION PROCESS HAD BEEN A FRAUD PERPORTRATED BY DEFENDANT JAMES MICHAEL BROWN, AND THAT THE YEARS OF APPEALING THIS PROCESS HAD BEEN IN VAIN. AS A RESULT PLAINTIFF BEGAN TO MAKE FREQUENT ATTEMPTS TO COMMIT SUICIDE BY CUTTING HIS WRIST AND HANG HIMSELF.

18. ON APRIL 4, 2015, PLAINTIFF WAS PLACED ON CRISIS INTERVENTION BECAUSE HE COULDN'T KEEP PASSOVER AND THE FEAST OF UNLEAVENED BREAD AND WAS FORCED TO STARVE HIMSELF FOR SEVEN DAYS TO TRY TO PARTIALLY OBSERVE HIS HOLY DAYS, AS A RESULT PLAINTIFF TOLD A NURSE HE WANTED TO CUT HIS WRIST.

19. ON FEBUARY 22, 2016, PLAINTIFF, CUT HIS WRIST AND STATED HE HAD NOTHING TO LIVE FOR, AND WAS GOING TO KILL HIMSELF.

20. ON JULY 14, 2016, PLAINTIFF, STATED HE CAN'T PRACTICE HIS RELIGION HEBREW ISRAELITE AND PLANNED TO KILL HIMSELF BY CUTTING OR HANGING.

21. ON JULY 14, 2016 PLAINTIFF CUT HIS LEFT ARM, AND STATED HE CUT HIMSELF WITH A RAZOR AND WAS GOING TO KILL HIMSELF.

22. ON JULY 18, 2016, PLAINTIFF CUT HIMSELF WITH A RAZOR WHILE AT ALLENDALE.

23. ON JULY 20, 2016, PLAINTIFF BROKE A PIECE OF METAL OFF OF A SPRINKLER AND REOPENED HIS LEFT WOUND WRIST.

24. ON AUGUST 7, 2016, PLAINTIFF CUT HIS LEFT WRIST.

25. ON APRIL 13, 2017 PLAINTIFF REPORTED BEING TO WEAK TO GET UP FOR MEDS BECAUSE HE WAS FORCED TO STARVE DURING

LEGAL MAIL  
MAIL ROOM

PASSOVER OF 2017. DUE TO SCDC NOT ACCOMODATING HIS RELIGIOUS DIETARY NEEDS DURING ANNUAL HOLIDAYS, EVEN THOUGH PLAINTIFF WAS LISTED AS A JEWISH INMATE UNDER JUDAISM AS AN ORTHODOX JEW, ONE OF SCDC'S GENERALLY RECOGNIZED RELIGIONS.

26. ON MAY 14, 2017, PLAINTIFF EXHIBITED SUICIDAL BEHAVIORS STATING HE WAS SUICIDAL AND WAS GOING TO KILL HIMSELF BECAUSE HE WAS BEING MISTREATED BY SECURITY AND PROHIBITED FROM PRACTICING HIS RELIGION, DUE TO DISCRIMINATION AGAINST HIM. PLAINTIFF ADMITTED TO CUTTING HIS WRIST AND ATTEMPTING TO HANG HIMSELF. PLAINTIFF TURNED A PIECE OF METAL HE USED TO CUT HIMSELF AND WENT ON HUNGER STRIKE AND REFUSED TO ACCEPT HIS TRAY. SEE ENCOUNTER: 381 MENTAL HEALTH CLINIC.

27. ON MAY 14, 2017, PLAINTIFF CUT HIMSELF ON THE WRIST AND ATTEMPTED SUICIDE WITH A BROKEN PIECE OF METAL. PLAINTIFF WAS PLACED ON CRISIS INTERVENTION SUICIDE PREVENTION PER MENTAL HEALTH. C. JOHNSON AND REGISTERED NURSE W. PRICE.

28. ON DECEMBER 6, 2016, AGENCY DIRECTOR BRYAN P. STIRLING RECEIVED A LETTER FROM PLAINTIFF IN REGARDS TO HIS FAITH RECOGNITION REQUEST, NOTIFYING HIM THAT HE HAS BEEN STRIVING SINCE MAY 16, 2013, TO PRACTICE HIS RELIGION AND EXERCISE HIS 1ST AMENDMENT RIGHT AND HAS BEEN SUFFERING FROM DEPRESSION AND DENIED HIS RIGHT EXERCISE HIS RELIGION, AND EVEN THOUGH HE WAS REGISTERED UNDER JUDAISM HE HAS RECEIVED NO HELP FROM THE JEWISH COMMUNITY OR SCDC BECAUSE HE IS A "BLACK" JEW. PLAINTIFF ALSO PROVIDED A BRIEF SYNOPSIS ON THE HISTORY OF AFRICAN JEWS COMMONLY REFERED TO AS HEBREW ISRAELITES, BLACK HEBREWS, BLACK HEBREW ISRAELITES, AND BLACK JEWS. <u>EXHAUSTION OF LEGAL REMEDIES</u>

29. ON SEPTEMBER 17, 2017, PLAINTIFF ATTEMPTED AN INFORMAL RESOLUTION BY CONTACTING THE CHAPLAIN AT BROAD RIVER CORRECTIONAL INSTITUTION, AFTER WAITING OVER A YEAR ½ WAITING FOR A DECESION. CHAPLAIN

LEGAL MAIL MAIL ROOM

HENDRICKS ON THE STATUS OF THE HEBREW ISRAELITE FAITH RECOGNITION REQUEST, AND RECEIVED A RESPONSE ON SEPTEMBER 21, 2017, WHICH STATED CHAPLAIN JAMES MICHAEL BROWN SUBMITTED PLAINTIFF'S FAITH RECOGNITION REQUEST TO SCDC LEGAL DEPARTMENT, THAT THEY WERE WORKING ON IT, BUT HAVE NOT REACHED A RESOLUTION SO FAR.

30. ON SEPTEMBER 25, 2017, PLAINTIFF, FILED A GRIEVANCE ALLEGING HE WAS BEING SUBJECT TO DISCRIMINATION AND ARBITRARY DENIAL OF THE ABILITY TO PRACTICE HIS FAITH BEYOND WHAT IS NEEDED FOR THE SAFETY, SECURITY, AND PROPER FUNCTIONING OF THE INSTITUTION.

31. PLAINTIFF'S ACTION REQUESTED ON GRIEVANCE # BRCI-0521-17 WAS THAT THE FAITH GROUP "HEBREW ISRAELITES" BE RECOGNIZED AS A BONA FIDE RELIGION WITHIN THE SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, ALLOWED A KOSHER AND VEGAN DIETS, AND BE ALLOWED TO GROW THEIR HAIR IN LOCKS, BRAIDS OR AFRO-STYLES AND GROW THEIR BEARDS WITH NO LIMITATIONS ON HAIR LENGTH.

32. ON OCTOBER 17, 2017, PLAINTIFF'S GRIEVANCE NO. BRCI-0521-17 WAS RETURNED UNPROCESSED AND STATED THAT PLAINTIFF FAILED TO AWAIT SCDC LEGAL DEPARTMENT'S RESPONSE BY CHAPLAIN HENDRICKS FOR HIS FAITH RECOGNITION REQUEST.

33. ON NOVEMBER 8, 2017, PLAINTIFF SUBMITTED A 19-11 REQUEST TO STAFF MEMBER FORM TO APPEAL THE UNPROCESSED GRIEVANCE NO. BRCI-0521-17 PURSUANT TO AGENCY POLICY TO THE CHIEF GRIEVANCE BRANCH, IT WAS RECEIVED ON NOVEMBER 13, 2017, BY THE INMATE GRIEVANCE OFFICE.

(B)

LEGAL MAIL
MAIL ROOM

34. ON NOVEMBER 27, 2017, PLAINTIFF, RECEIVED A RESPONSE FROM ATTORNEY SHERMAN L. ANDERSON, CHIEF OF THE INMATE GRIEVANCE BRANCH, OFFICE OF GENERAL COUNSEL WHO RESPONDED ON NOVEMBER 8, 2017 THAT THE RECEIPT OF THE (RTSM) REQUEST TO STAFF MEMBER SCDC FORM 19-11 APPEAL TO GRIEVANCE NO. BRCI-0521-17 WAS BEING RETURNED IN ACCORDANCE TO SCDC POLICY, GA-06.04, "REQUEST TO STAFF MEMBER", THAT PLAINTIFF SHOULD CONTACT LOCAL INMATE GRIEVANCE COORDINATOR FOR ASSISTANCE IN FILING GRIEVANCE, AND THAT THE ISSUE OF RECOGNITION OF PLAINTIFF'S FAITH HAS BEEN ADDRESSED IN A GRIEVANCE.

35. ON MAY 12, 2018 PLAINTIFF FILED A GRIEVANCE ON AGENCY DIRECTOR BRYAN P. STIRLING & CHIEF PASTORAL CARE SERVICES BRANCH JAMES M. BROWN FOR NOT RECOGNIZING PLAINTIFF'S FAITH GROUP AND DELAYING THE FAITH RECOGNITION PROCESS FOR OVER TWO YEARS, & FOR DISCRIMINATORY OR ARBITRARY DENIAL OF THE ABILITY TO PRACTICE PLAINTIFF'S FAITH BEYOND WHAT IS NEEDED FOR THE SAFETY, SECURITY, AND PROPER FUNCTIONING OF THE INSTITUTION, WHICH LIMITS THE PLAINTIFF'S EXERCISE OF RELIGION IN EGREGIOUS AND UNNECESSARY WAYS AND IMPOSES FRIVOLOUS AND ARBITRARY RESTRICTIONS ON PLAINTIFF'S RELIGIOUS LIBERTY. PLAINTIFF'S GRIEVANCE WAS RETURNED UNPROCESSED AS A DUPLICATE TO ISSUES IN ECI-0418-17 ON MAY 24, 2018.

## VI. LEGAL CLAIMS

36. PLAINTIFF REALLEGE AND INCORPORATE REFERENCE PARAGRAPHS 1-35.

LEGAL MAIL
MAIL ROOM

37. THE DEFENDANT BRYAN P. STIRLING, AGENCY DIRECTOR'S DISCRIMINATORY AND ARBITRARY DENIAL OF THE ABILITY TO PRACTICE PLAINTIFF'S FAITH IMPOSED A SUBSTANTIAL BURDEN ON THE FREE EXERCISE OF RELIGIOUS LIBERTY BEYOND WHAT WAS NEEDED FOR THE SAFETY, SECURITY, AND PROPER FUNCTIONING OF THE INSTITUTION AND VIOLATED PLAINTIFF'S FIRST AMENDMENT AND FOURTEENTH AMENDMENT RIGHTS OF 'EQUAL PROTECTION UNDER THE LAW' OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND THE SOUTH CAROLINA RELIGIOUS FREEDOM ACT, TITLE VI OF THE CIVIL RIGHTS ACT OF 1964.

38. THE DEFENDANT DENNIS R. PATTERSON, ASSISTANT DEPUTY DIRECTOR'S DISCRIMINATORY AND ARBITRARY DENIAL OF THE ABILITY TO PRACTICE PLAINTIFF'S FAITH IMPOSED A SUBSTANTIAL BURDEN ON THE FREE EXERCISE OF RELIGIOUS LIBERTY BEYOND WHAT WAS NEEDED FOR THE SAFETY, SECURITY, AND PROPER FUNCTIONING OF THE INSTITUTION AND VIOLATED PLAINTIFF'S FIRST AMENDMENT AND FOURTEENTH AMENDMENT RIGHTS OF 'EQUAL PROTECTION UNDER THE LAW' OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND THE SOUTH CAROLINA RELIGIOUS FREEDOM ACT, TITLE VI OF THE CIVIL RIGHTS ACT OF 1964.

39. THE DEFENDANT JAMES M. BROWN, HEAD CHAPLAIN, AND CHIEF, PASTORAL CARE SERVICES BRANCH'S DISCRIMINATORY AND ARBITRARY DENIAL OF THE ABILITY TO PRACTICE PLAINTIFF'S FAITH IMPOSED A SUBSTANTIAL BURDEN ON THE FREE EXERCISE OF RELIGIOUS LIBERTY BEYOND WHAT WAS NEEDED FOR THE SAFETY, SECURITY, AND PROPER FUNCTIONING OF THE INSTITUTION AND VIOLATED PLAINTIFF'S FIRST AMENDMENT AND FOURTEENTH AMENDMENT RIGHTS OF 'EQUAL PROTECTION UNDER THE LAW' OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND THE SOUTH CAROLINA RELIGIOUS FREEDOM ACT, TITLE VI OF THE CIVIL RIGHTS ACT OF 1964.

40. THE DEFENDANT ANNIE RUMLER SCDC'S ATTORNEY AT THE OFFICE OF GENERAL COUNSEL'S LEGAL DEPARTMENT'S DISCRIMINATORY AND ARBITRARY DENIAL OF THE ABILITY TO PRACTICE PLAINTIFF'S RELIGION IMPOSED A SUBSTANTIAL BURDEN ON THE FREE EXERCISE OF RELIGIOUS LIBERTY BEYOND WHAT WAS NEEDED FOR THE SAFETY, SECURITY, AND PROPER FUNCTIONING OF THE INSTITUTION AND VIOLATED PLAINTIFF'S FIRST AMENDMENT AND FOURTEENTH AMENDMENT

RIGHTS OF 'EQUAL PROTECTION UNDER THE LAW' OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND THE SOUTH CAROLINA RELIGIOUS FREEDOM ACT, TITLE VI OF THE CIVIL RIGHTS ACT OF 1964.

40. THE PLAINTIFF HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANTS UNLESS THE COURT GRANTS THE MONETARY, AND DECLARATORY, AND INJUNCTIVE RELIEF WHICH PLAINTIFF SEEKS.

## VII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTIVELY PRAYS THAT THIS COURT ENTER JUDGMENT GRANTING PLAINTIFF:

41. A DECLARATION THAT THE ACTS AND OMMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

42. COMPENSATORY DAMAGES IN THE AMOUNT OF $1,000,000 AGAINST EACH DEFENDANT.

43. PUNITIVE DAMAGES AS THIS COURT DEEMS JUST, PROPER, AND EQUITABLE.

44. PLAINTIFF'S COST IN THIS SUIT.

45. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER AND EQUITABLE.

DATED: JULY 1, 2020.

RESPECTFULLY SUBMITTED,

*Nazir Benyamin ben-Yisraél*

Nazir Benyamin ben-Yisraél (FREE APPELLATION),
EX REL. BRONSON SHELLEY #353229
McCORMICK CORRECTIONAL INSTITUTION, F-5-B-B
386 REDEMPTION WAY
McCORMICK, S.C. 29899

## VERIFICATION

I HEREBY VERIFY THAT I HAVE READ THE FOREGOING COMPLAINT

(11)

AND THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT McCORMICK, SOUTH CAROLINA ON JULY 1, 2020.

*Nazir Benyamin ben-Yisraël*
Nazir Benyamin ben-Yisraël (FREE APPELLATION), PRO SE', PLAINTIFF,
EX REL. BRONSON SHELLEY #353229

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED THE FOREGOING COMPLAINT, SUMMONS, USM-285 FORMS, UPON ALL PARTIES OF RECORD BY DEPOSITING AN ORIGINAL COPY OF THE SAME INSIDE THE U.S. MAIL, POSTAGE PREPAID, VIA. McCORMICK CORR. INST. MAILROOM PERSONELL, ADDRESSED TO THE FOLLOWING ON: AUGUST 14, 2020 ., ALSO INCLUDED IS FINANCIAL STATEMENT, & APPLICATION TO PROCEED WITHOUT PAYMENT.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
901 RICHLAND ST.
COLUMBIA, S.C. 29201

SCDC OFFICE OF GENERAL COUNSEL
S.C. DEPT. OF CORRECTIONS
4444 BROAD RIVER RD.
P.O. BOX 21787
COLUMBIA, S.C. 29221-1787

*Nazir Benyamin ben-Yisraël*
Nazir Benyamin ben-Yisraël (FREE APPELLATION),
EX REL. BRONSON SHELLEY #353229, PRO SE'
McCORMICK CORR. INST., F-5-B-8
386 REDEMPTION WAY
McCORMICK, S.C 29899

(12)