IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Bronson Shelley, #1589035, | ) | Case No.: 4:20-cv-03025-JD-TER |
| aka Bronson Shelley, #353229, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER & OPINION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Bryan P. Stirling, James M. Brown, Dennis, | ) | |
| R. Patterson, Annie Rumler, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Bronson Shelley, #1589035, aka Bronson Shelley, #353229 ("Shelley" or "Plaintiff"), proceeding *pro se*, brought this action against Bryan P. Stirling ("Stirling"), James M. Brown ("Brown"), Dennis, R. Patterson ("Patterson"), and Annie Rumler ("Rumler") (collectively "Defendants"), pursuant to 42 U.S.C. § 1983, alleging violations of the First Amendment's Free Exercise Clause, the Fourteenth Amendment's Equal Protection Clause, and the South Carolina Religious Freedom Act, S.C. Code Ann. § 1-32-50. At the time of the Complaint, Plaintiff was a prisoner at the Broad River Correctional Institution ("Broad River").

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

On May 16, 2013, Plaintiff requested official recognition of the Hebrew Israelite faith. (DE 35, p. 1-2.) Associate Warden Sutton denied his request in May 2013, and after a series of appeals, his claim was ultimately denied by South Carolina Department of Corrections' ("SCDC") Office of General Counsel in August 2018. (DE 35, p. 3.) Plaintiff now alleges that Defendants' discriminatory and arbitrary denial of his ability to practice his faith imposed a substantial burden of the free exercise of religious liberty beyond what was needed for the safety, security, and proper functioning of Broad River. (DE 35, p. 3.) Defendants seek to Dismiss Shelly's lawsuit, pursuant to Rule 12(b)(6), Fed. R. Civ. P. (DE 20), because Plaintiff filed this case while a companion was pending <u>Shelley v. Stirling, et al</u>, 4:18-cv-2229-JD-TER, alleging the same facts; and therefore; Plaintiff case is barred under the doctrine of res judicata.[1] (DE 35, P. 4.) Additionally, Defendants contend Plaintiff's §1983 claims against state officials in their official capacities are improper and should be dismissed. (DE 20-1, p. 7.)

The Report issued on July 14, 2021, recommends Defendants' Motion to Dismiss be granted as to Plaintiff's claims against Defendants Stirling, Brown, and Patterson in their individual capacities for monetary damages because Plaintiff asserts the same factual allegations in the present case as he did in the previous action, and his Equal Protection claim and any claim based upon the South Carolina Religious Freedom Act arises out of the same series of transactions as the claims resolved in the previous action. The Report also recommends Defendants' Motion to Dismiss be granted as to Plaintiff's claims against Defendant Rumler in her individual capacity for monetary damages on the First Amendment cause of action because the First Amendment claim

---

[1] In the previous case, Plaintiff alleged violations of the Religious Land Use and Institutionalized Persons Act and the First Amendment; in the present case, Plaintiff adds a defendant, Rumler, and alleges violations of the First Amendment, the Fourteenth Amendment's Equal Protection Clause, and the South Carolina Religious Freedom Act. (DE 35, p. 5.)

is identical to the one litigated and decided in the previous action; thus, the doctrine of collateral estoppel/issue preclusion applies.

However, the Report recommends that the Motion to Dismiss be denied as to Plaintiff's claims against Defendants Stirling, Brown, and Patterson in their official capacities for injunctive relief because the Court previously noted that Plaintiff had filed the present action in which he was also seeking injunctive relief and, thus, denied the motion for relief from the judgment since Plaintiff could litigate the claim for injunctive relief in this action. Additionally, qualified immunity only bars claims for monetary damages, not claims for injunctive relief. (DE 35, p. 10.) Furthermore, the Report recommends the Motion be denied as to Plaintiff's claims against Rumler in her official capacity as to all claims and in her individual capacity as to the Equal Protection and South Carolina Religious Freedom Act claims because the issue of whether Defendants actions as alleged in both cases violated Plaintiff's Equal Protection rights or the South Carolina Religious Freedom Act were not actually resolved in the previous action. Therefore, they are not barred against Rumler. (DE 35, p. 10-11.)

Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss (DE 20) is granted in part and denied in part as follows. Defendants' motion is granted as to Plaintiff's claims against

Defendants Stirling, Brown, and Patterson in their individual capacities for monetary damages and as to Plaintiff's claims against Defendant Rumler in her individual capacity for monetary damages on the First Amendment cause of action. Defendants' motion is denied as to Plaintiff's claims against Defendants Stirling, Brown, and Patterson in their official capacities for injunctive relief and as to Plaintiff's claims against Defendant Rumler in her official capacity as to all claims and in her individual capacity as to the Equal Protection and South Carolina Religious Freedom Act claims.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
August 12, 2021

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.