IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bronson Shelley, #353229, aka Bronson Shelley, #1589035,<br><br>    Plaintiff,<br><br>            vs.<br><br>Bryan P. Stirling, James M. Brown, Dennis R. Patterson, and Annie Rumler,<br><br>    Defendants. | Case No.: 4:20-cv-03025-JD-TER<br><br>**OPINION & ORDER** |

This matter is before the Court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III ("Report and Recommendation") (DE 57), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Bronson Shelley ("Shelley" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of the First Amendment's Free Exercise Clause, the Fourteenth Amendment's Equal Protection Clause, and the South Carolina Religious Freedom Act, S.C. Code Ann. § 1-32-50. (DE 1.) Following Defendants' motion to dismiss, which this Court granted (DE 39), the only claims remaining in this action are Plaintiff's claims for injunctive relief as to all Defendants in their official capacities and Plaintiff's claims against Defendant Rumler in her individual capacity as to the Equal Protection and the South Carolina Religious Freedom Act. Presently before the Court is Defendants' Motion for Summary Judgment

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

(DE 63). Because Plaintiff is proceeding *pro se*, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in dismissal of his Complaint. Plaintiff filed a Response (DE 66), and Defendants filed a Reply (DE 68). On July 25, 2023, the Magistrate Judge issued the Report (DE 71), recommending Defendants' Motion for Summary Judgment (DE 63) be granted as to Plaintiff's equal protection claim against Rumler and denied as to Plaintiff's SCRFA claim against Rumler. The Report also finds that Plaintiff's claims for injunctive and declaratory relief against all Defendants remain pending. Accordingly, for the reasons stated below, the Court adopts the Report and grants Defendants' Motion for Summary Judgment, as provided herein.

## **BACKGROUND**

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates herein without a complete recitation. However, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary.

On May 16, 2013, Plaintiff first requested official recognition of the Hebrew Israelite faith group while he was a prisoner at the Broad River Correctional Institution. (DE 1, ¶ 1; DE 66-2, p. 2.) On May 23, 2013, Plaintiff met with Chaplin James M. Brown, who presented Plaintiff's request to Associate Warden Sutton, who disapproved Plaintiff's requested recognition. (DE 1, ¶ 2; DE 66-2, p. 2; DE 66-2, p. 3.) On May 31, 2013, Plaintiff appealed the decision denying recognition of the Hebrew Israelite faith to Warden Robert Stevenson, III. (DE 1, ¶ 3.) This appeal was also disapproved. (Id.) Plaintiff then appealed to the Chief of Pastoral Care Services Branch and Head Chaplin Lloyd Roberts through Chaplin Brown, who never forwarded the request, and thus, Plaintiff never received a response. (Id. at ¶ 4.)

On February 1, 2015, Plaintiff wrote Chaplin Howser while at Kirkland Correctional Institution and requested a response to his last state of appeal for his faith recognition process. (DE 1, ¶ 5; DE 66-2, p. 17.) On February 24, 2015, Plaintiff received a response from Bennie Coldough, the new Head Chaplin and Chief of Pastoral Care Services, who stated that he had no knowledge of Plaintiff's appeal and that Plaintiff should file a new request. (DE 1, ¶ 6; DE 66-2, p. 17.) In July of 2016, Plaintiff resubmitted his request for faith recognition of the Hebrew Israelite religion. (DE 1, ¶ 9.) Plaintiff requested status updates on his request for faith recognition of the Hebrew Israelite faith group on August 18, 2016, December 21, 2016, and March 31, 2017. (DE 1, ¶¶ 1-12; DE 66-2, p. 18.) After each request, Plaintiff received a response that no decision had yet been made. (DE 1, ¶¶ 10-12; DE 66-2, p. 18.) On August 28, 2017, Plaintiff received a memorandum from Sherman L. Anderson, Chief of the Office of General Counsel–Inmate Grievance Branch, indicating that SCDC's General Counsel Office was reviewing his request for the Hebrew Israelites to be a recognized faith group and that he would be notified of the outcome. (DE 1, ¶ 13; DE 66-2, pp. 9-10.)

In August of 2018, the Office of General Counsel contacted Dennis Patterson, SCDC's Assistant Deputy Director of Operations, regarding Plaintiff's request and asked him whether official recognition of the Hebrew Israelites could pose a security issue. (DE 1, ¶¶ 5, 15.) Patterson gave his opinion that because of its alleged racist teachings, officially recognizing the Hebrew Israelites as a religious group within SCDC would generate racial animus among the prisoners and pose a security threat to both prisoners and staff. (DE 1, ¶ 15.) Also in August of 2018, Patterson communicated these conclusion to SCDC's Office of General Counsel and Plaintiff's request for recognition of the Hebrew Israelite faith was disapproved by Annie Rumler in that office. (DE 1, ¶ 16.) Plaintiff alleges that because of the continuous denial of Plaintiff's requests for faith

3

recognition of the Hebrew Israelite religion and his inability to practice his religion, he suffers from depression and has made numerous attempts at suicide. (DE 1, ¶¶ 17-27.)

## DISCUSSION

Plaintiff filed an eleven-page objection to the Report on August 8, 2023, principally questioning his own standing to bring his complaint to this Court among other things. (DE 77.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

As to the Plaintiff's standing objection, Plaintiff questions whether this Court has jurisdiction under the 14th Amendment to address his claims because he is partly of Native American descent, citing Elk v. Wilkins, 112 U.S. 94, 98, 5 S. Ct. 41, 43 (1884). Plaintiff suggests since he is part Native American, the first clause of the first section of the Fourteenth Amendment "all persons born or naturalized in the United States, and subject to the jurisdiction thereof, . . ." somehow means he is not a citizen, and therefore, not subject to the jurisdiction of the United

States. Plaintiff's reliance on Elk v. Wilkins is nonsensical and clearly distinguishable from his case because Plaintiff's citizenship is not questioned here.[2] Therefore, Plaintiff's objection is overruled.

Next, it appears Plaintiff objects to the Report's recommendation regarding qualified immunity and equal protection. As a threshold matter, the Report does not recommend dismissal of Rumler on qualified immunity grounds. Therefore, the Court overrules any objection regarding the Report's references to the same. Equally, the Report ably and comprehensively addresses why Rumler did violate Plaintiff's equal protection rights. (DE 71, pp. 7-8.) The Equal Protection Clause of the Fourteenth Amendment generally requires the government to treat similarly situated people alike. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439-41 (1985). It "does not take from the States all power of classification, but keeps governmental decision makers from treating differently persons who are in all relevant respects alike." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks and citations omitted). To prove an equal protection claim, an inmate "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination" on the basis of the plaintiff's membership in a protected class, such as

---

[2] Notwithstanding the merits of Plaintiff's objection, the Court notes that Federal district courts are courts of limited subject matter jurisdiction. "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." United States v. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2008). As such, "there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 327, 16 S. Ct. 307, 40 L. Ed. 444 (1895)). Lack of subject matter jurisdiction is a nonwaivable defense. See Rule 12(h), Fed. R. Civ. P. "[C]hallenges to a federal court's subject matter jurisdiction may be raised at any time, and the court has an independent duty to assess whether it may adjudicate a dispute." Meyn Am., LLC v. Omtron USA, LLC, 856 F. Supp. 2d 728, 732 (M.D.N.C. 2012) (citing Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)), Plyler v. Moore, 129 F.3d 728, 731 n. 6 (4th Cir. 1997)). The Court finds that it has jurisdiction.

race, gender, or religion. Id. (internal quotation marks omitted). To that end, the Report notes that,

> Plaintiff alleges only very generally that Rumler's denial of Plaintiff's request for recognition of the Hebrew Israelites faith violated his Fourteenth Amendment rights to equal protection under the law. (Citation omitted.) He does not allege that he was treated differently from similarly situated individuals or that any unequal treatment was the result of intentional or purposeful discrimination, nor does he provide any evidence to support an equal protection claim.

(DE 71, p. 7.) As such, Plaintiff's equal protection claim fails, and his objection is overruled. Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment (DE [63]) is granted as to Plaintiff's equal protection claim against Rumler and denied as to Plaintiff's SCRFA claim against Rumler.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 24, 2023

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.