IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bronson Shelley, #1589035, aka Bronson Shelley, #353229,<br><br>Plaintiff,<br><br>vs.<br><br>Bryan P. Stirling, James M. Brown, Dennis R. Patterson, and Annie Rumler,<br><br>Defendants. | Case No.: 4:20-cv-03025-JD-TER<br><br>**ORDER** |

Before this Court is Defendants Bryan P. Stirling, James M. Brown ("Brown"), Dennis R. Patterson, and Annie Rumler's ("Rumler") (collectively "Defendants") Motion to Alter or Amend Judgment under Rule 59(e), Fed. R. Civ. P. (DE 88.) Defendants ask this Court to alter or amend its August 24, 2023, Order (DE 85, the "Order") granting Defendants' Motion for Summary Judgment as to Plaintiff Bronson Shelley, #1589035, aka Bronson Shelley, #353229's ("Plaintiff") equal protection claim against Defendant Rumler and denying as to Plaintiff's South Carolina Religious Freedom Act (SCRFA) claim against Rumler. For the reasons below, Plaintiff's motion to alter or amend is denied.

As a threshold matter, although Defendants filed their motion under Rule 59(e), Fed. R. Civ. P., because they seek reconsideration of an interlocutory order, the motion will be construed under Rule 54(b), Fed. R. Civ. P. See Bratcher v. Clarke, 725 F. App'x 203, 205 (4th Cir. 2018) (internal citations omitted) (". . . Rules 59 and 60 only apply to motions seeking reconsideration of final orders. Although immediately appealable, 28 U.S.C. § 1292(a)(1) (2012), an order denying a motion for a preliminary injunction is not a final order. Thus, the district court should

have construed [Plaintiff's] motion for reconsideration as a motion under Fed. R. Civ. P. 54(b) or as a freestanding motion for injunctive relief.")

Accordingly, this Court considers this motion under Federal Rule of Civil Procedure 54(b). See Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). "[A] a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" Id. (citations omitted). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of 'new evidence not available at trial.'" Id. (citations omitted).

Defendants contend, "[t]he August 24, 2023 Order (ECF 85) fails to address Defendants' Objection to the Report and Recommendation (ECF 79)[.]" (DE 88.) Defendants objected to two things: 1) "[t]he Report and Recommendation incorrectly states in the Fact Section that Defendant Rumler disapproved Plaintiff's faith recognition request[,]" and 2)

> Pursuant to Text Order 73, Defendants have filed a separate Motion for Summary Judgment – ECF 76 - further addressing the issues upon which the Magistrate [Judge] recommends denial of summary judgment in the Report and Recommendation filed July 25, 2023. The Defendants respectfully bring this to the Court's attention and submit that any Order pertaining to the Report and Recommendation filed July 25, 2023 should consider the arguments set forth in ECF 76 which contest the denial of summary judgment recommendation.

(DE 79, pp. 1-2.) As for the absence of a fact dispute about Rumler disapproving Plaintiff's faith recognition request, Defendants' motion for summary judgment (DE 63) did not satisfy Rule 56 Fed. R. Civ. P. To begin with, Plaintiff alleges in his complaint that the request to recognize the

Hebrew Israelite faith was disapproved by Annie Rumler in that office.[1] (See DE 1, ¶ 16.) "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Accordingly, once the movant has made this threshold demonstration, to survive the motion for summary judgment, under Rule 56(e), the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (citation omitted). Defendants concede the evidence they rely on to refute Plaintiff's claim is not contained in their motion for summary judgment (DE 63), which the Report and this Court's order (DE 85) are based on. Rather, Defendants rely on a subsequent motion supported by affidavits filed after the Report (DE 76) to meet its burden. The Court did not consider the later motion and affidavits in support of it (DE 76) or address this objection in the order (DE 85). That said, given the reasons stated here, the Court finds the error was harmless, and no manifest injustice is present to support reconsideration since the Court would have overruled this objection (and does so here).

As for Defendants' separate motion for summary judgment (DE 76), the Court declines to consider this issue because it is pending review by the Magistrate Judge, who will issue a Report and Recommendation for this Court's consideration later. Therefore, the Court equally finds no

---

[1] The Court noted this fact in its order and again here, not for purposes of adjudication but accepting it in a light most favorable to the nonmoving party absent evidence to refute it. See Variety Stores, Inc. v. Wal-Mart Stores, Inc., 888 F.3d 651, 659 (4th Cir. 2018) ("[C]ourts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations."

manifest injustice to support reconsideration, given the merits of the new motion for summary judgment (DE 76) will be addressed.

Since the Court did not clearly err, causing manifest injustice in its Order, nor have Defendants alleged a subsequent trial producing substantially different evidence or a change in applicable law, there is no basis to revise the Court's prior interlocutory Order. For the reasons stated here, the Court denies Defendants' motion (DE 88).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 26, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.