IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bronson Shelley, #353229, aka Bronson Shelley, # 589035, <br><br>  Plaintiff, <br><br> vs. <br><br> Bryan P. Stirling, James M. Brown, Dennis R. Patterson, and Annie Rumler, <br><br>  Defendants. | Case No.: 4:20-cv-03025-JD-TER <br><br> **ORDER** |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III ("Report and Recommendation") (DE 93), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  Bronson Shelley ("Shelley" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of the First Amendment's Free Exercise Clause, the Fourteenth Amendment's Equal Protection Clause, and the South Carolina Religious Freedom Act, S.C. Code Ann. § 1-32-50. (DE 1.)   Following rulings on Defendants' motion to dismiss (DE 39) and their first motion for summary judgment (DE 85), the only claims remaining are Plaintiff's claims for injunctive relief as to all Defendants in their official capacities and Plaintiff's Equal Protection and South Carolina Religious Freedom

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Act ("SCRFA") claims against Defendant Annie Rumler ("Rumler") in her individual capacity. (See DE 39, DE 85).

Presently before the Court is Defendants' Second Motion for Summary Judgment (DE 76). Plaintiff filed a Response (DE 87), and Defendants filed a Reply (DE 89). On January 26, 2024, the Magistrate Judge issued the Report (DE 93), recommending Defendants' Second Motion for Summary Judgment (DE 76) be granted as to Plaintiff's SCRFA claim against Rumler and denied as to Plaintiff's request for injunctive relief. Accordingly, for the reasons stated below, the Court adopts the Report and grants in part and denies in part Defendants' Motion for Summary Judgment (DE 76), as provided below.

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. That said, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary.

On May 16, 2013, Plaintiff first requested official recognition of the Hebrew Israelite faith group while he was a prisoner at the Broad River Correctional Institution. (DE 1, ¶ 1; DE 66-2, p. 2.) On May 23, 2013, Plaintiff met with Chaplin James M. Brown, who presented Plaintiff's request to Associate Warden Sutton, who denied Plaintiff's requested recognition. (DE 1, ¶ 2; DE 66-2, p. 2; DE 66-2, p. 3.) On May 31, 2013, Plaintiff appealed the decision denying recognition of the Hebrew Israelite faith to Warden Robert Stevenson, III. (DE 1, ¶ 3.) This appeal was also denied. (Id.) Plaintiff then appealed to the Chief of Pastoral Care Services Branch and Head Chaplin Lloyd Roberts through Chaplin Brown, who never forwarded the request, and thus Plaintiff never received a response. (Id. ¶ 4.)

On February 1, 2015, Plaintiff wrote Chaplin Howser while at Kirkland Correctional

Institution and requested a response to his last state of appeal for his faith recognition process. (DE 1, ¶ 5; DE 66-2, p. 17.) On February 24, 2015, Plaintiff received a response from Bennie Coldough, the new Head Chaplin and Chief of Pastoral Care Services, who stated that he had no knowledge of Plaintiff's appeal and that Plaintiff should file a new request. (DE 1, ¶ 6; DE 66-2, p. 17.) In July 2016, Plaintiff resubmitted his request for faith recognition of the Hebrew Israelite religion. (DE 1, ¶ 9.) Plaintiff requested status updates on his request for faith recognition of the Hebrew Israelite faith group on August 18, 2016, December 21, 2016, and March 31, 2017. (DE 1, ¶¶ 1-12; DE 66-2, p. 18.) After each request, Plaintiff received a response that no decision had yet been made. (DE 1, ¶¶ 10-12; DE 66-2, p. 18.) On August 28, 2017, Plaintiff received a memorandum from Sherman L. Anderson, Chief of the Office of General Counsel–Inmate Grievance Branch, indicating that SCDC's General Counsel Office was reviewing his request for the Hebrew Israelites to be a recognized faith group and that he would be notified of the outcome. (DE 1, ¶ 13; DE 66-2, pp. 9-10.)

In August 2018, the Office of General Counsel contacted Dennis Patterson, SCDC's Assistant Deputy Director of Operations, regarding Plaintiff's request and asked him whether official recognition of the Hebrew Israelites could pose a security issue. (DE 1, ¶¶ 5, 15.) Patterson gave his opinion that because of its alleged racist teachings, officially recognizing the Hebrew Israelites as a religious group within SCDC would generate racial animus among the prisoners and pose a security threat to both prisoners and staff. (DE 1, ¶ 15.) Also in August 2018, Patterson communicated these conclusions to SCDC's Office of General Counsel and Plaintiff's request for recognition of the Hebrew Israelite faith was denied by Annie Rumler in that office. (DE 1, ¶ 16.) Plaintiff alleges that because of the continuous denial of Plaintiff's requests for faith recognition of the Hebrew Israelite religion and his inability to practice his religion, he suffers from depression

and has made numerous attempts at suicide. (DE 1, ¶¶ 17-27.)

On August 12, 2021, this Court adopted the Magistrate Report and Recommendation issued on July 14, 2021 (DE 35), to which Plaintiff did not file any objections, thereby granting in part and denying in part Defendants' Motion to dismiss (DE 20). That Order dismissed Plaintiff's claims against Defendants Stirling, Brown, and Patterson in their individual capacities for monetary damages and as to Plaintiff's claims against Defendant Rumler in her individual capacity for monetary damages on the First Amendment cause of action. (DE 39.) However, Plaintiff's claims against Defendants Stirling, Brown, and Patterson in their official capacities for injunctive relief, all of Plaintiff's claims against Defendant Rumler in her official capacity, and Plaintiff's Equal Protection and SCFRA claims against Rumler in her individual capacity remained in the suit. (Id.) On August 24, 2023, this Court adopted the Magistrate Report and Recommendation issued on July 25, 2023, overruling Plaintiff's objections (DE 77), thereby granting in part and denying in part Defendant's First Motion for Summary Judgment (DE 63). That order dismissed Plaintiff's equal protection claim against Rumler. (Id.) However, Plaintiff's SCFRA claim against Rumler and Plaintiff's claims for injunctive and declaratory relief against all Defendants remained in the suit.

## DISCUSSION

Plaintiff filed a fifteen-page objection to the Report on February 9, 2024. (DE 95.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report

4

enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  Many of Plaintiff's objections are not specific objections because they address issues that this Court previously ruled on through its adoption of previous Reports by the Magistrate Judge, they misstate or misinterpret the Report's statements or findings and the effect on the current suit, or they challenge decisions made by prison officials and not recommendations made by the Magistrate Judge in the Report. Accordingly, the Court overrules the same.  That said, the Court has identified the following objections which are addressed in turn below.

Plaintiff first objects, claiming the Report erroneously presumes that his equal protection claims were solely against Defendant Rumler rather than against all Defendants.  (DE 95, p. 1, objecting to "Portion 1. Introduction, Page 1, Paragraph 1" of the Report; Id. at p. 5, objecting to "Portions IV. Discussion. A. Claims for Injunctive Relief, Second Paragraph Page 8.") Plaintiff claims that the Court never adjudicated his equal protection claims against Defendants Stirling, Brown, and Patterson; therefore, these claims are still pending.  (Id. at 1-2.)  But this Court previously dismissed the claims against Defendants Stirling, Brown, and Patterson in their individual capacities for monetary damages (Plaintiff's "equal protection claims") in its adoption of the July 14, 2021, Magistrate Report, to which Plaintiff did not file any objections. (DE 35, Magistrate Report; DE 39, District Court Order).

5

Plaintiff also objects to this Court's previous ruling in a prior, separate case filed by Plaintiff in which the Court found the defendants in that case were entitled to qualified immunity on Plaintiff's claims against those defendants in their individual capacities for monetary damages.[2] (DE 95, p. 2-3, objecting to "Second Paragraph on Page 5 of Section II".) However, an objection to the Report *in this case* is not the appropriate place to raise objections or issues with the Court's ruling in an entirely different case, regardless of whether the cases are related. Furthermore, this Court dismissed Plaintiff's previous action, and the Fourth Circuit dismissed his appeal.[3]

Next, Plaintiff objects to the Report's assertion that he did not request specific injunctive relief in his complaint. (DE 95, p. 2, objecting to "Portion II, Page 5, First Paragraph and Second Paragraph" of the Report.) Although the Report found Plaintiff did not make any specific request for injunctive relief, the Report *inferred* that the complaint requested an injunction requiring SCDC to recognize the Hebrew Israelites as a religious group. (DE 93, p. 7.) The Report then recommends *denying* Defendant's motion for summary judgment on Plaintiff's requested injunctive relief, meaning Plaintiff's claim for injunctive relief against defendants has survived and is a live claim. (Id. pp. 7-10.) Similarly, Plaintiff objects to the Report's statement that he failed to address any factors necessary to show a permanent injunction is proper in this case. (DE 95, p. 7.) Although this statement is correct, the Report actually evaluates those factors *on its own* and concludes that Plaintiff's case established an injury in fact (loss of First Amendment freedoms) and concludes that issues of fact remain as to the balance of hardships and the public interest factors. (DE 93, p. 10.) Thus, again, the Court denied Defendant's

---

[2] See Shelley v. Sterling, et al., 4:18-cv-2229 ("Previous Action"), DE 140, pp. 4-5, Order adopting Report (DE 128).

[3] Id. at DE 140, District Court Order; DE 150, Fourth Circuit Court of Appeals Judgment.

motion for summary judgment, seeking a permanent injunction, meaning that claim is still in this suit. (Id.)

Additionally, Plaintiff objects to the Report's finding that a question of fact exists as to "whether the Hebrew Israelite Religion contains racially prejudicial and inflammatory views and teachings, which is the reason for the security concerns" (DE 93, pp. 9-10). (DE 95, p. 7-8, objecting to "Portion IV. Discussion. A. Claims for Injunctive Relief, Second Paragraph, PG. 9-10"; id. at p. 13, objecting to "Portion IV. V. SCRFA. Page 13".) Plaintiff challenges decisions made by prison officials, specifically that Hebrew Israelite views and teachings do not pose security concerns and are not racist. (Id.) However, the Report does not make a finding about whether the Hebrew Israelite Religion contains racially prejudicial and inflammatory teachings or that it poses a security concern. Instead, by denying Defendant's motion for summary judgment on this issue, the Court found that the question should be left for a jury to decide. (DE 93, p. 10.) Thus, again, Plaintiff's claim for injunctive relief remains a live claim.

Next, Plaintiff misconstrues the Report's recommendation on his SCFRA claim against Rumler. Plaintiff objects to the Report's application of the SCFRA (DE 93, p. 11-12), specifically the SCFRA's standard that

> the State may not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability, unless the State demonstrates that application of the burden to the person is (1) in furtherance of a compelling state interest; and (2) the least restrictive means of furthering that compelling state interest.

S.C. Code Ann. § 1-32-40. Plaintiff contends that "Defendants cannot reach the first prong of the SCFRA because Defendant's substantial burden imposed on Plaintiff's exercise of religion did not result from a rule (or policy) of general applicability." (DE 95, p. 12.) But Plaintiff misinterprets how the statute operates. When the State substantially burdens a person's exercise

7

of religion, SCFRA requires strict scrutiny of the State action when the State action is a "generally applicable regulation" *and* for when the State action is religiously motivated. See S.C. Code Ann. § 1-32-40. Plaintiff also contends "subsequent denial of Plaintiff's request in accordance with policy was not the least restrictive means of furthering an alleged compelling state interest." (DE 95, p. 12.) But the Report does not address this second prong because it found that issues of fact exist as to the first prong – whether the State action was in furtherance of a compelling state interest. (DE 93, p. 13.) Thus, the Magistrate Judge held that it *could not* conclude as a matter of law that Defendants had satisfied the first prong and denied Defendant summary judgment on Plaintiff's SCRFA claim *on this ground* – a holding that *favors Plaintiff*. (Id.)

Plaintiff does, however, make one objection that is clearly specific by objecting to the Report's finding that Rumler is entitled to qualified immunity under the South Carolina Tort Claims Act ("SCTCA"). (DE 95, p. 14.) The SCTCA provision on qualified immunity provides that "[a]n employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b)." S.C. Code Ann. § 15-78-70(a). Subsection (b) states that "[n]othing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70(b). Plaintiff contends Rumler, along with Brown and Patterson, submitted fraudulent, offensive, photoshopped pictures and documents with Plaintiff's religious recognition request to "illicit revulsion" and disapproval of his recognition request.[4] (DE 95, p. 14.) Plaintiff claims

---

[4] Plaintiff contends these documents included "nude white woman in physical and sexual bondage restraints, coupled with graphically maimed and murdered blackmen to include Travon Martin, Sean Bell and an unknown slave burnt, maimed, disfigured and hanging from a tree surrounded by smiling white men and children gazing upon the corpse; i.e. victim of a white lynch mob." (DE 95, p. 14.)

these acts constituted fraud, actual malice, and a crime of moral turpitude. (Id.) However, Plaintiff does not support his allegations with any evidence. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("[T]he mere existence of a scintilla of evidence" in favor of the non-movant's position is insufficient to withstand the summary judgment motion.); see also Wai Man Tom v. Hosp. Ventures LLC, 980 F.3d 1027, 1037 (4th Cir. 2020) ("Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion."). Rather, this Court finds the only facts in the record show Defendant Rumler's acts were within the scope of her official duties. See Flateau v. Harrelson, 355 S.C. 197, 584 S.E.2d 413, 417–18 (S.C. Ct. App. 2003) (under the SCTCA, "a governmental employee acting within the scope of official duty is exempt from personal liability"). Thus, Plaintiff's objection is overruled, and Rumler is entitled to qualified immunity under the SCTCA.

Accordingly, after a thorough review of the Report and Recommendation and this record, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment (DE 76) is granted as to Plaintiff's SCRFA claim against Rumler and denied as to Plaintiff's request for injunctive relief against all Defendants.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 28, 2024


**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30)

days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.